IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

TIMOTHY D. WILLIAMS,

    Plaintiff,

and

STATE OF WISCONSIN DEPARTMENT          Case No. 21-CV-000580-SCD
OF HEALTH SERVICES; BLUE CROSS
BLUE SHIELD OF WISCONSIN; COMPCARE      Case Type: Personal Injury
HEALTH SERVICES INSURANCE CORP,

    Involuntary Plaintiffs,

vs.

WALMART CLAIMS SERVICES, INC. d/b/a
SAM'S CLUB, ABC CORPORATION,

    Defendants

## DEFENDANT WALMART CLAIMS SERVICES, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Walmart Claims Services, Inc. by and through its attorneys, MWH Law Group LLP, and for its Answer to Plaintiff Timothy D. Williams' Complaint, hereby states as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and put the Plaintiff to his strict proof

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to his strict proof.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to his strict proof.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiff to his strict proof.

5. Defendant admits that it is a corporation which handles certain claims regarding customer incidents alleged to have occurred within a Walmart store. Defendant denies that it does business in the State of Wisconsin which involves the operation of Walmart stores located within the state of Wisconsin.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

## BACKGROUND FACTS

8. Defendant re-states and sets froth its answers to Paragraph 1-7 as if though fully set forth herein.

9. In answering Paragraph 9 of Plaintiff's Complaint, Defendants admit that on December 6, 2019, Plaintiff was present in Sam's Club store #8164. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and therefore denies same, and demands strict proof thereof. Further answering, Defendant denies that it was negligent in any manner and denies that any alleged negligence by Defendant or its employees, agents and/or servants was a proximate cause of any of Plaintiff's injuries.

10. Defendant only admits those duties imposed by law. Defendant denies all allegations not specifically admitted which are contained in Paragraph 10.

## **FIRST CAUSE OF ACTION – NEGLIGENCE**
## **WALMART CLAIMS SERVICES, INC.**

11. Defendant re-states and sets froth its answers to Paragraph 1 -10 as if though fully set forth herein.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

## **SECOND CAUSE OF ACTION – SAFE PLACE:**
## **WALMART CLAIMS SERVICES, INC.**

14. Defendant re-states and sets froth its answers to Paragraph 1 -13 as if though fully set forth herein.

15. Defendant avers that the allegations contained in Paragraph 15 call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demands strict proof thereof. To the extent Paragraph 15 contains assertions of fact, this answering Defendant denies all allegations.

16. Defendant admits only those duties imposed by law and admits the existence of Chapter 101 of Wisconsin Statutes. Defendant denies that it or its employees, agents and/or servants committed acts or omissions that would contravene the provisions of Chapter 101 of Wisconsin Statutes, including in particular the Safe Place Act of Wisconsin. Further answering, Defendant denies applicability of the Safe Place Act of Wisconsin and denies all allegations not specifically

admitted.

17. Defendant denies the allegations contained in Paragraph 17, including a denial of subparagraphs (a) through (d).

18. Defendant denies the allegations contained in Paragraph 18.

**WHEREFORE,** Walmart Claims Services, Inc. respectfully requests that this Court dismiss Plaintiff's claims against Walmart Claims Services, Inc. in their entirety, assess the costs of this matter to Plaintiff and for such other and further relief as the Court deems just and equitable in the premises.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Any allegations contained in Plaintiff's Complaint not specifically admitted are hereby denied.

3. Walmart Claims Services, Inc. is not a properly named Defendant in the litigation.

4. Plaintiff's action is barred because the condition complained of by Plaintiff was not in existence for a sufficient amount of time to place this answering Defendant on notice of the existence of the condition and opportunity to remedy.

5. Plaintiff's action is barred because he has not suffered any injury proximately caused by any act or omission attributable to this answering Defendant.

6. Plaintiff was at fault and his fault was the sole proximate cause or proximate cause of the incident alleged in Plaintiff's Complaint, and resulting damages, if any, and such fault should bar or reduce the amount of Plaintiff's recovery against this answering Defendant.

7. Plaintiff's damages are the direct result of Plaintiff's failure to exercise ordinary care in failing to keep a proper lookout which was the cause of Plaintiff's fall.

8. Plaintiff's damages are the direct result of Plaintiff's failure to exercise ordinary care in failing to take action to avoid injuries, as Plaintiff had an alternate, safe route available to him that he chose not to take.

9. Plaintiff's alleged damages, if any, were the result of an unforeseeable series of events over which this answering Defendant had no control.

10. Plaintiff's alleged injuries, if any, may have been caused by preexisting conditions or to his accident for which this answering Defendant bears no legal responsibility.

11. Plaintiff may have failed to mitigate his damages, if any.

12. Plaintiff is not entitled to the relief or damages requested.

13. Plaintiff is not entitled to prejudgment interest, costs, or attorney's fees.

14 This answering Defendant reserves the right to assert additional affirmative defenses that become known during discovery and/or trial.

15. Defendant hereby adopts by reference any and all affirmative defenses raised by any other Defendant, whether now named or subsequently brought into this action.

## JURY DEMAND

**NOW COMES** Defendant Walmart Claims Services, Inc. and hereby requests a trial by jury on all issues in the above-captioned matter.

Dated in Milwaukee this 13th day of May, 2021.

          **MWH LAW GROUP LLP**
          Attorneys for Defendant, Walmart Claims Services, Inc.

          By: */s/ Electronically signed by Vincent Vigil*
          Vincent Vigil         SBN 1120981
          Eric L. Andrews      SBN 1068550
          735 North Water Street, Suite 610
          Milwaukee, WI 53202
          Telephone: (414) 436-0353
          Facsimile: (414) 436-0354
          vincent.vigil@mwhlawgroup.com
          eric.andrews@mwhlawgroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 13, 2021, a copy of this document was served upon all parties in the above cause by **electronic document management system ("EDMS")**, which will send notification of such filing to all attorneys of record.

**Attorneys for Plaintiff, Timothy D. Williams**
Jason S. Richard, Esq.
J. Richard Law Offices, LLC
740 N. Plankinton Avenue, Suite 800
Milwaukee, WI 53203
jason@jrichardlaw.com


                                      */s/Elsa Chavez*